# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETERSEN, Minors.

UNPUBLISHED
May 14, 2015

No. 323808
Ottawa Circuit Court
Family Division
LC No. 12-071682-NA

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Respondent mother appeals by right the trial court order terminating her parental rights to her minor children under MCL 712A.19b(3)(c)(*i*) (conditions that led to the adjudication continue to exist) and (g) (failure to provide proper care and custody). We affirm.

Respondent argues that she was not provided sufficient mental health services; therefore, her due process rights to her children were violated when her rights were terminated. Here, there is no indication in the record that respondent objected in respect to the services made available to her during this case, and on appeal, she does not argue that she made such an objection. Respondent's unpreserved arguments are reviewed for plain error. *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011); *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008).

When seeking termination of parental rights, "petitioner must make reasonable efforts to rectify conditions, to reunify families, and to avoid termination of parental rights" *In re LE*, 278 Mich App 1, 18; 747 NW2d 883 (2008), except where certain aggravated circumstances—not present in this case—exist. See MCL 712A.19a(2). A failure to provide a parent with a meaningful opportunity to participate in services may violate the parent's right to due process. See *In re Rood*, 483 Mich 73, 113-114, 122; 763 NW2d 587 (2009) (CORRIGAN, J.).

In this case, respondent's caseworker was Susan Wonch of Bethany Christian Services. Respondent was first referred to a psychological evaluation in August 2012. Respondent was diagnosed with a "thought disorder, delusional, paranoid." Respondent was then referred to a mental health assessment at Community Mental Health (CMH). But respondent failed to sign a

-1-

release form regarding her mental health history at CMH, so she was denied entry into the CMH program. Subsequently, respondent chose to find her own therapist, Julie Schaefer-Space, who began counseling respondent in December 2012.[1] Respondent was also referred to and commenced therapy with Christina Adamski, a therapist at Bethany Christian Services. According to Wonch's testimony, respondent did not trust Adamski because she was employed by Bethany Christian Services, and respondent subsequently chose to end her counseling with Adamski in June 2014.

On May 27, 2014, and June 2, 2014, Julia Cunningham conducted a second psychological evaluation of respondent. Cunningham diagnosed respondent with a delusional disorder of a persecutory type, post-traumatic stress disorder, a mood disorder, and anxiety. Respondent also saw a psychiatrist who prescribed Celexa, which improved respondent's mental state.

Respondent argues that she was not provided sufficient reunification services because "at no point was a referral made to an outside therapist." Respondent contends that Adamski was the only therapist referred to her, and that her mistrust and paranoia rendered a referral to a therapist employed by Bethany Christian Services insufficient to address her mental needs. However, "[w]hile the DHS has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). Moreover, parents must sufficiently benefit from the services provided to them. *Id*.

In this case, the record indicates that respondent was referred to an outside service, CMH, to provide counseling. But, respondent failed to sign a necessary release form regarding her mental health history. Thus, respondent breached her responsibility to participate in the outside counseling service offered to her. *Id*. In lieu of CMH, respondent was referred to Adamski. Respondent also received counseling from Schaefer-Space, a therapist of respondent's own choosing outside of Bethany Christian Services. Wonch testified that she did not refer respondent to another outside counseling service because respondent told her that she would continue to see Schaefer-Space regardless of whether another outside referral were provided to her. Thus, the record provides evidence that petitioner made reasonable efforts to provide respondent with mental health services. *In re LE*, 278 Mich App at 18. Nothing in the record indicates petitioner failed to provide respondent with a meaningful opportunity to participate in mental health services that would support a claim that respondent's right to due process was violated. *Rood*, 483 Mich at 113-114, 122 (CORRIGAN, J.). Respondent fails to show plain error. *VanDalen*, 293 Mich App at 135; *Utrera*, 281 Mich App at 8.

Additionally, while respondent does not challenge the trial court's findings regarding the statutory grounds for termination and the minor children's best interests, we have reviewed the

---

[1] Schaefer-Space testified at the termination hearing that during the course of her counseling, respondent improved regarding her paranoid thoughts.

record and find that the trial court did not clearly err in terminating respondent's parental rights to the minor children. MCR 3.977(K); *VanDalen*, 293 Mich App at 139.

We affirm.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro